UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLGA H. VILLARS; LINDA A. VILLARS,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>RICHARD J. VILLARS,<br><br>　　　　　　　　Defendant. | Case No.: 17cv0008 BTM (AGS)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

On January 3, 2017, Plaintiffs filed their Complaint (ECF No. 1) along with an application to proceed *in forma pauperis* ("IFP") (ECF No. 2) and a request for appointment of counsel (ECF No. 3). For the reasons discussed below, Plaintiffs' motion to proceed IFP is **GRANTED** and their request for appointment of counsel is **DENIED** without prejudice.

## DISCUSSION

### I. Motion to Proceed IFP

Upon review of Plaintiffs' affidavit in support of their IFP motion, the Court finds that Plaintiffs have made a sufficient showing of inability to pay the filing fee required to prosecute this action. Notwithstanding Plaintiffs' indigence, the Court

is under a continuing duty to review a complaint filed by any person proceeding in forma pauperis to determine whether the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i),(ii).

Plaintiffs brings this action in an attempt to enforce an I-864 Affidavit of Support that Defendant Richard Villars, Plaintiff Olga Villar's ex-husband, executed on their behalf. Federal courts have consistently held that a Form I-864 constitutes a legally binding and enforceable contract between a sponsor and a sponsored immigrant. *Chesire v. Chesire*, No. 3:05-cv-00453, 2006 U.S. Dist. LEXIS 26602, at *9 (M.D. Fla. May 4, 2006); *Schwartz v. Schwartz*, No. MB 08-001, 2008 Bankr. LEXIS 2205, at *10 (Bankr. 1st Cir. Aug. 26, 2008); *Stump v. Stump*, No. 1:04-cv-253, 2005 U.S. Dist. LEXIS 26022, at *21 (N.D. Ind. May 27, 2005). A sponsored immigrant may bring an action to enforce an affidavit of support against the sponsor in any appropriate court. 28 U.S.C. § 1183a(e)(1). Therefore, the Court finds that the allegations in the Complaint are sufficient to satisfy the requirements under section 1915(e)(2)(B). Accordingly, **IT IS ORDERED THAT**:

(1) Plaintiff's request to proceed in forma pauperis is **GRANTED**. Plaintiffs are permitted to prosecute this action without being required to prepay fees or costs and without being required to post security.

(2) The Clerk of Court shall file Plaintiffs' Complaint without prepayment of the filing fee.

(3) The United States Marshal shall serve a summons and a copy of the Complaint upon Defendant as directed by Plaintiffs on U.S. Marshal form 285. All costs of service shall be advanced by the United States.

**III. Motion for Appointment of Counsel**

Plaintiffs have also filed a Request for Appointment of Counsel. Generally, a plaintiff in a civil case has no right to counsel. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). Pursuant to 28 U.S.C. §1915(e)(1), a

"court may request an attorney to represent any person unable to afford counsel." However, counsel should only be appointed in "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A district court should consider both the likelihood of success on the merits and the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved, but "[n]either of these factors is dispositive and both must be viewed together before reaching a decision." *Id.*

At this juncture, the Court cannot say that there is any likelihood of success on the merits. Therefore, the Court **DENIES** without prejudice Plaintiffs' request for appointment of counsel.

**IT IS SO ORDERED**.

Dated: April 28, 2017

Barry Ted Moskowitz, Chief Judge
United States District Court